[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 27, 2007
THOMAS K. KAHN
CLERK

No. 06-14332
Non-Argument Calendar

_____

BIA Nos. A95-220-232 & A95-220-233

GUSTAVO JARAMILLO SARMIENTO,
SOLEDAD GOMEZ CABRERA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 27, 2007)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Gustavo Jaramillo Sarmiento ("Sarmiento") and his wife Soledad Gomez

Cabrera, citizens of Colombia, petition for review of a Board of Immigration

Appeals ("BIA") decision adopting and affirming the order of an Immigration Judge ("IJ"). The IJ denied their application for relief under the Immigration and Nationality Act ("INA"), finding that their application for asylum was time-barred and that they were ineligible for withholding of removal. We find that we lack jurisdiction to review their asylum petition and that substantial evidence supports the IJ's decision. Accordingly, we dismiss the asylum appeal and affirm the IJ's decision as to withholding relief. [1]

*Background*

Sarmiento, and derivatively, his wife, applied for asylum and withholding relief in 2001. In a hearing before the IJ, he claimed that he was politically active in the Liberal Party in Columbia and had participated in campaigns intended to defend democracy and human rights. Additionally, he stated that he had worked for the government and various multinational companies. He alleged that as a result, the Revolutionary Armed Forces of Colombia ("FARC") abducted him in 1999 and demanded a war tax from him. He claimed that they threatened to torture and murder him if he did not comply with their demands, forcing him to flee Colombia.

---

[1] Sarmiento also applied for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. § 1231(b)(3), 8 C.F.R. § 208.16(c). Sarmiento makes no arguments on appeal concerning the denial of his request for CAT relief. Therefore, he has waived that issue. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

A portion of Sarmiento's testimony with regard to his abduction and political activity was not properly recorded.

The IJ found that Sarmiento's asylum claim was time-barred since it was not filed within one year of his arrival in the United States. Sarmiento testified that the delay occurred because he was unaware that Colombians were eligible for such relief. The IJ found that this explanation did not constitute an extraordinary circumstance meriting waiver of the one-year requirement. Additionally, the IJ found that Sarmiento was ineligible for withholding relief because any alleged persecution was not based on an actual or imputed political opinion. The BIA affirmed the IJ's decision and this appeal ensued.

*Jurisdiction and Standard of Review*

Absent "the existence of changed circumstances which materially affect [an] applicant's eligibility for asylum or extraordinary circumstances relating to the delay," asylum applications must be filed within a year of an applicant's arrival in the United States. INA § 208(a)(2)(B) & (D), 8 U.S.C. § 1158(a)(2)(B) & (D). Courts do not have the jurisdiction to review the Attorney General's determinations with regard to this requirement. INA § 208(a)(3), 8 U.S.C. § 1158(a)(3); *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003). Consequently, we lack jurisdiction to review "a decision regarding whether an applicant complied with the one-year time limit or established extraordinary

3

circumstances that would excuse his untimely filing." *Mendoza,* 327 F.3d at 1287.

Jurisdictional provisions in the REAL ID Act of 2005, Pub. L. No. 109-13, 119

Stat. 231, 310 (2005), do not affect this jurisdictional rule. *Chacon-Botero v. U.S.*

*Att'y Gen.*, 427 F.3d 954, 957 (11th Cir. 2005). Accordingly, we find that we may

not consider Sarmiento's asylum claim.

However, we retain jurisdiction over Sarmiento's withholding claim. In

evaluating this claim, we review the IJ's legal determinations *de novo*. *Mohammed*

*v. Ashcroft*, 261 F.3d 1244, 1247-48 (11th Cir. 2001). Conversely, we review the

IJ's factual determinations under the substantial evidence standard and "must

affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative

evidence on the record considered as a whole." *Al Najjar v. Ashcroft*, 257 F.3d

1262, 1283-84 (11th Cir. 2001).

*Discussion*

To be eligible for withholding of removal under the INA, an applicant must

demonstrate that there is a clear probability of future persecution on account of

race, religion, ethnicity, political opinion or social group. 8 U.S.C. §

1231(b)(3)(A). Political persecution within the meaning of the INA may be based

on an imputed political opinion, whether correctly or incorrectly attributed. *Al*

*Najjar*, 257 F.3d at 1289. To prevail on an imputed political opinion theory, the

applicant must show that "the persecutor falsely attributed an opinion to [him], and

4

then persecuted [him] because of that mistaken belief about [his] views." *Id.* (internal quotations and citations omitted)(alterations in original). To show the nexus between the imputed opinion and the persecution, the applicant must present "specific, detailed facts showing a good reason to fear that he or she will be *singled out* for persecution on account of such an opinion." *Sepulveda*, 401 F.3d at 1231 (emphasis in original). "It is not enough to show that [the applicant] was or will be persecuted or tortured due to [the applicant's] refusal to cooperate with the guerillas." *Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 438 (11th Cir. 2004).

The IJ found that any harassment suffered by Sarmiento was motivated by his economic and business interests. Sarmiento testified that he did contract work for the government and that the guerilla group sought such government contracts to fund their organization.[2] FARC's interest in Sarmiento appears to have been limited to the payment of a war tax and the demand that he cease working on such competing contracts. This evidence lends support to the IJ's conclusion that Sarmiento did not establish a nexus between the FARC's alleged persecution and his political opinion because any alleged persecution rested on financial rather than

---

[2] The transcript of Sarmiento's asylum hearing contains many notations of "indiscernible" and "inaudible" in place of Sarmiento's testimony, and Sarmiento argues that this incomplete transcript prejudiced him. However, when rendering the oral decision, the IJ restated the pertinent missing portions, so we are able to review the substance of Sarmiento's testimony. Sarmiento asserts that the IJ's version was incomplete, but he does not point to any specific inaccuracies or missing facts. Therefore, Sarmiento has not shown that the transcript deficiencies resulted in prejudice, and we decline to afford him relief on this basis.

political grounds.  Accordingly, we deny Sarmiento's petition for review of his withholding of removal claim.

**PETITION DISMISSED IN PART, DENIED IN PART.**